IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cynthia Flowers and Kasia Pawelek, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> University of South Carolina, Beaufort, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 9:22-2124-BHH |

Plaintiffs Cynthia Flowers and Kasia Pawelek ("Plaintiff's") initially filed a complaint in this action alleging retaliation and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as South Carolina state law claims for negligence, gross negligence, negligent supervision/retention, and intentional infliction of emotional distress. Plaintiffs subsequently filed an amended complaint and a second amended complaint on November 17, 2022. Plaintiffs' section amended complaint alleges only retaliation and hostile work environment claims. Defendant filed a motion for judgment on the pleadings, and in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On February 26, 2023, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant in part and deny in part Defendant's motion. Specifically, the Magistrate Judge recommends that the Court grant the motion as to Plaintiff Pawalek's hostile work environment claim but deny the motion as to all other claims. Attached to the Report was a notice advising the parties of the right to file specific, written objections to the Report within fourteen days after

being served with a copy. On February 21, 2023, the parties filed a consent motion to extend the deadline for filing objections to the Report, and the Court granted the motion, thereby making objections due by February 28, 2023. On February 28, 2023, the parties filed a consent notice waiving any objections to the Report and agreeing to proceed as recommended by the Magistrate Judge.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because the parties have waived any objections to the Magistrate Judge's Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.

Accordingly, the Court hereby **adopts** the Magistrate Judge's Report (ECF No. 27) and **specifically incorporates it herein**, and the Court grants in part and denies in part

Defendant's motion for judgment on the pleadings (ECF No. 20).  Specifically, the Court grants the motion as to Plaintiff Pawalek's hostile work environment claim but denies the motion as to all other claims.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 2, 2023
Charleston, South Carolina